NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-255

MARY FONDEL SEMIEN, IND., ETC., ET AL.

VERSUS

RAYMOND M. FONDEL, SR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-4817
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and
James T. Genovese, Judges.

Genovese, J., concurs in part, dissents in part, and assigns reasons.

AFFIRMED.

James Wade Smith
Attorney at Law
P. O. Box 1706
Lake Charles, LA 70602
(337) 436-8424
Counsel for Defendant/Appellee:
 Raymond M. Fondel, Sr.

**Stephen Ronald Streete**
**Salter & Streete**
**4216 Lake St.**
**Lake Charles, LA 70601**
**(337) 474-1644**
**Counsel for Plaintiffs/Appellees:**
    **Mary Fondel Semien**
    **Francese Fondel**
    **Fondel Memorial Chapel, Inc.**

**W. Thomas Barrett, III**
**Attorney at Law**
**3401 Ryan Street, Suite 307**
**Lake Charles, LA 70605**
**(337) 474-7311**
**Counsel for Third Party Appellant:**
    **George Fondel**

**DECUIR, Judge.**

George Fondel, an aggrieved third party not named in the suit at issue before us, appeals the judgment rendered which excludes him as a shareholder in the family funeral home business. He contests the factual finding that he is no longer a shareholder in the corporation known as Fondel Memorial Chapel, Inc. No other party has appealed, answered the appeal, or responded to the appeal. For the following reasons, we affirm the factual findings of the trial court.

This case was originally filed by Mary Fondel Simien and Francese Fondel against their brother, Raymond Fondel. While acting as president of Fondel Memorial Chapel, Inc., Raymond suffered symptoms of a stroke and was hospitalized in an intensive care unit for a number of weeks. Mary took over the business and discovered what she considered to be gross mismanagement of the corporation. When Raymond started to recover, Mary and Francese sought to enjoin him from returning to manage the funeral home. The trial court initially granted a temporary restraining order and held a series of hearings over the course of a year in an effort to determine whether a permanent injunction should be issued. The matter was recharacterized as a writ of quo warranto through which the purported officers of the corporation were directed to show by what authority they held power. Ultimately, however, the fundamental question before the court was ownership of the corporation.

The transcript and the exhibits in the record before us show that Fondel Memorial Chapel, Inc. was started in 1966 when three Fondel brothers purchased the Northside Memorial Chapel in Lake Charles. With the encouragement of their parents, Raymond, George, and Marion Fondel purchased the business and its assets and, within a year, changed the name to Fondel Memorial Chapel, Inc. Raymond, a

licensed embalmer, was assigned 334 shares of stock, and it was agreed that he would run the business. George and Marion each had 333 shares of stock and worked in the business. Other family members, including plaintiffs Mary and Francese, another brother, Franklin, and at least two nephews, worked in the business part-time or on an as needed basis. In 1971, Marion left the business for a job in the aluminum industry when his siblings told him he was no longer a shareholder. By the 1980s, both Mary and Francese considered themselves shareholders and officers of the corporation. During Raymond's 2007 hospitalization, Mary and Francese, acting as shareholders, voted themselves officers of the corporation.

The corporation was run informally. Very few corporate meetings were held through the years; corporate minutes and other records were kept sporadically. Financial and tax records were sparse, and the testimony indicated that even payroll was done mostly on a cash basis. No dividends were paid, and profits were never disbursed. The trial court found great "misunderstanding and ignorance with regard to the law of corporations and what is expected and required of people who are officers in corporations."

Regarding ownership of shares in the corporation, the evidence showed a sale of shares from George to Francese for $500.00 which divested him of his interest, although the sale reflected the transfer of only ten shares. Nevertheless, in George's divorce proceedings filed shortly after the sale, George affirmed that he owned no interest in Fondel Memorial Chapel, Inc. Finding a valid transfer of ownership from George to Francese had taken place in 1980, which transfer was confirmed by documentation submitted in George's subsequent divorce and community property partition, the trial court reached the following factual conclusion: "it was clear that

2

his intention was to sell his shares, all of his interests, to his sister." Consequently, the trial court rejected the opinions of two handwriting experts who testified that George's signature on the 1980 sale document was a forgery, and the court concluded that George was no longer an owner of the corporation. The trial court also determined there was no evidence of any transfer of shares, by sale or donation, from Raymond or Marion to Mary or any other person, Fondel sibling or not. Therefore, the court concluded that Raymond remains the owner of his original 334 shares of the corporation while Francese and Marion each own 333 shares and Mary owns nothing. A shareholders' meeting was ordered to be held within ten days for a determination of "new officers and future control of the company."

George Fondel is the only person before this court on appeal. He contends the trial court erred in concluding that the 1980 bill of sale of ten shares of stock to Francese was authentic and actually conveyed his entire interest in the corporation. He also urges this court to find error in the trial court's disregard of the handwriting experts' opinion that his signature on the bill of sale was a forgery.

We have reviewed the record before us and find no manifest error in the factual conclusions and credibility determinations reached by the trial court. George's intent to divest himself of an ownership interest in the corporation was apparent in the sale documents executed prior to his divorce, and his affirmation of that act during the divorce proceedings corroborate the transfer of ownership.

The judgment is affirmed. Costs of this appeal are assessed to George Fondel.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

MARY FONDEL SEMIEN, IND., ETC., ET AL.

VERSUS

RAYMOND M. FONDEL, SR.


**GENOVESE, J., concurs in part, dissents in part, and assigns reasons.**

I agree and concur with the majority that a sale of stock in Fondel Memorial Chapel, Inc., took place from George Fondel (George) to his sister, Francese Fondel (Francese). However, I disagree with the majority that the sale from George to Francese constituted a sale of George's "entire interest in the corporation."

The 1980 bill of sale clearly and unequivocally shows a sale of ten (10) shares of George's three hundred thirty-three (333) shares of stock in the corporation to Francese for $500.00. There is nothing in the record before us which legally supports the majority's finding that George divested his entire interest (all 333 shares of stock) in the corporation in favor of Francese or anyone else.

The majority mentions "George's intent to divest himself of an ownership interest in the corporation . . . and his affirmation . . . during the divorce proceedings [which] corroborate the transfer of ownership." This is not a case of intent and affirmation. George sold ten shares of stock and only ten shares of stock in the corporation to Francese—not three hundred thirty-three shares of stock. Intent, affirmation, and words to the contrary do not legally alter the original and only sale of ten shares of George's stock to Francese. There is no evidence in the record of any consideration for any sale of stock more than the $500.00 consideration for the ten

shares of stock sold by George to Francese. Surely, the $500.00 consideration alone would be insufficient consideration for the sale of all of George's three hundred thirty-three shares of stock in the corporation. I dissent from the majority on that issue and would find that George remains the owner of three hundred twenty-three (323) shares of stock in the corporation.